NOTICE

Decision filed 01/30/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231128

NO. 5-23-1128

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 23-CF-732 |
| | ) | |
| BRANDON PUGH, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Moore and Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Brandon Pugh, appeals the November 9, 2023, order of the trial court of Macon County, revoking the defendant's pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); see also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). His appeal

_____

[1]The Act has been referred to as the "SAFE-T Act" and the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

addresses a narrow issue only relevant to those defendants who were arrested and released on monetary bond prior to the Act taking effect.[2] For the reasons that follow, we affirm.

¶ 2    On June 2, 2023, the defendant was charged with unlawful possession of methamphetamine with intent to deliver, a Class X felony (count I); unlawful possession of a controlled substance with intent to deliver, a Class X felony (count II); unlawful possession of weapons by a felon, a Class 2 felony (count III); and unlawful possession of weapons by a felon, a Class 2 felony (count IV). The defendant's bond was set at $50,000 on May 31, 2023. The defendant posted bond in the amount of $5000 on June 1, 2023.

¶ 3    On November 8, 2023, the State filed a verified petition seeking to revoke pretrial release. The State indicated in its verified petition that, while the defendant was on pretrial release, the defendant was charged with delivery of a controlled substance, a Class 1 felony, for his actions on October 5, 2023, and delivery of a controlled substance, a Class 1 felony, for his actions on October 13, 2023. The State argued in its petition that "no condition or combination of conditions would reasonably prevent the defendant from being charged with a subsequent felony or class A misdemeanor." On November 9, 2023, the trial court held a hearing on the State's verified petition to revoke the defendant's pretrial release. The trial court issued an order finding that the defendant was charged with a new felony or Class A misdemeanor while on pretrial release and that, by clear and convincing evidence, no condition or combination of conditions of release would reasonably assure the appearance of the defendant for subsequent hearings or prevent the defendant from subsequently being charged with a felony or Class A misdemeanor. The trial court based its findings on the fact that the defendant had allegedly committed two new significant drug offenses

[2]While the effective date pursuant to the statute was January 1, 2023, our supreme court lifted the stay and set the effective date as September 18, 2023. See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52.

while on pretrial release for a large-scale drug offense, which involved the possession of a weapon. The defendant's pretrial release was revoked, and he was remanded to the custody of the local jail until further order of the court. The defendant timely appealed. Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023).

¶ 4 On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a notice in lieu of a Rule 604(h) memorandum. The defendant's notice of appeal claims that the trial court's order revoking pretrial release was in error. The defendant argues that, because he was granted pretrial release prior to the effective date of the Act, his motion to strike the State's verified petition to revoke pretrial release should have been granted and he should have been released. In support, the defendant cites section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)) and claims "that revocation of pretrial release is only permissible in those instances 'when a defendant has previously been granted pretrial release under this Section.' " See 725 ILCS 5/110-6(a) (West 2022).

¶ 5 In response, the State argues that the defendant's interpretation of section 110-6(a) is too narrow because it would prohibit the trial court from revoking the pretrial release of a defendant who had been released on monetary bond for any reason. In support of its argument, the State cites the language of section 110-7.5(c)(5), "[i]f there is an alleged violation of the conditions of pretrial release in a matter in which the defendant has previously deposited security, the court having jurisdiction shall follow the procedures for revocation of pretrial release or sanctions set forth in Section 110-6." 725 ILCS 5/110-7.5(c)(5) (West 2022). The State argues that this provision indicates that defendants who have been granted pretrial release prior to the effective date of the Act are still subject to revocation of pretrial release under section 110-6. The State also argues that the trial court did not abuse its discretion in finding that no condition or combination of conditions

3

of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 6    The record reveals that on November 9, 2023, the trial court held a hearing on the State's verified petition to revoke defendant's pretrial release, which had been filed on November 8, 2023. During the hearing to revoke defendant's pretrial release, the trial court asked the state's attorney about the statutory basis for filing the verified petition under section 110-6(a) of the Code. The State argued that the process to revoke pretrial release for those defendants who were released prior to the effective date of the Act should proceed under the Act as if the previous bond were a conditional release under the Act. Defense counsel made an oral motion to strike the verified petition because the State cited section 110-6(a) in its opening paragraph. Defense counsel pointed out that the issue with this citation is that section 110-6(a) provides "[w]hen a defendant has previously been granted pretrial release under this Section" (see 725 ILCS 5/110-6(a) (West 2022)), and the defendant was not granted pretrial release under that section. Therefore, that section should not be read in conjunction with any previous section. In addition, defense counsel argued that there are only two sources for that section, the Act and its amendments, not the prior public act that governed cash bail. After considering the arguments of counsel, the trial court decided that it would deny the defendant's motion to strike the verified petition. The trial court found that there should be a mechanism to revoke pretrial release and that it would read section 110-6(a) and section 110-6.1 together. See 725 ILCS 5/110-6(a), 110-6.1 (West 2022)). The hearing on the State's verified petition continued, where the trial court found that the State met its burden of proof and entered an order detaining the defendant.

¶ 7    The issue on appeal involves a question of statutory interpretation that is reviewed *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. The primary goal when interpreting a statute "to which

4

all other rules are subordinate, is to ascertain and give effect to the intention of the legislature." *Jackson v. Board of Election Commissioners of Chicago*, 2012 IL 111928, ¶ 48. The best indication of the legislative intent is the plain language of the statute. *Jackson*, 2012 IL 111928, ¶ 48. "The statute should be evaluated as a whole, with each provision construed in connection with every other section. When the statutory language is clear, we must apply the statute as written without resort to other tools of construction." *Jackson v.*, 2012 IL 111928, ¶ 48.

¶ 8    Under the Act, the individuals who were arrested prior to the effective date of the Act are separated into three different categories. 725 ILCS 5/110-7.5 (West 2022). The first category is any person who was released subject to pretrial conditions prior to the effective date of the Act. 725 ILCS 5/110-7.5(a) (West 2022). The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions. 725 ILCS 5/110-7.5(b) (West 2022). The third category consists of any person who remains in pretrial detention and whose bond was previously set as "no bail." 725 ILCS 5/110-7.5(b) (West 2022).

¶ 9    The defendant belongs in the first category (725 ILCS 5/110-7.5(a) (West 2022)). Section 110-7.5(a) provides:

> "(a) On or after January 1, 2023, any person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial release under the terms of their original bail bond. This Section shall not limit the State's Attorney's ability to file a verified petition for detention under Section 110-6.1 or a petition for revocation or sanctions under Section 110-6." 725 ILCS 5/110-7.5(a) (West 2022).

¶ 10    Also included in section 110-7.5, is subsection (c)(5), which describes what may happen if the defendant allegedly violates the conditions of pretrial release after previously depositing security. Section 110-7.5(c)(5) states as follows:

"(5) If there is an alleged violation of the conditions of pretrial release in a matter in which the defendant has previously deposited security, the court having jurisdiction shall follow the procedures for revocation of pretrial release or sanctions set forth in Section 110-6. The previously deposited security shall be returned to the defendant following the procedures of paragraph (4) of subsection (a) of this Section once the defendant has been discharged from all obligations in this cause." 725 ILCS 5/110-7.5(c)(5) (West 2022).

¶ 11    The plain language of section 110-7.5 sets forth the procedure trial courts must follow to revoke the pretrial release of a defendant who has previously deposited security as a condition of pretrial release prior to the effective date of the Act. As referenced in section 110-7.5, section 110-6 addresses revocation of pretrial release, the modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release. 725 ILCS 5/110-6 (West 2022). Specifically, section 110-6(a) states, *inter alia*, as follows:

"(a) When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022).

¶ 12    Based on our review of the record and the plain language of the Code, we find that section 110-6 is applicable to the defendant because he was released following his arrest on the condition of the deposit of security and new felony charges were filed. Although the plain language of section 110-6(a) of the Code states, "[w]hen a defendant has previously been granted pretrial release under *this Section*," the Code also provides in section 110-7.5(c)(5) a reference to section 110-6 as the means to revoke a defendant's pretrial release. (Emphasis added.) 725 ILCS 5/110-6(a), 110-

6

7.5(c)(5) (West 2022). In addition, the Code provides that section 110-7.5(a) "shall not limit the State's Attorney's ability to file *** a petition for revocation or sanctions under Section 110-6." 725 ILCS 5/110-7.5(a) (West 2022). When considering the Act as a whole, it is clear that the legislature did not intend to limit the applicability of the Act to only those defendants arrested after its effective date. To interpret the Code as the defendant argues would frustrate the purpose of the Code as the legislature intended. Therefore, we affirm the trial court's order of November 9, 2023.

¶ 13    Affirmed.

*People v. Pugh*, 2024 IL App (5th) 231128

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Macon County, No. 23-CF-732; the Hon. Thomas E. Griffith, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |