2024 IL App (2d) 240185-U
No. 2-24-0185
Order filed June 11, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of McHenry County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 22-CF-134 |
| | ) | |
| MARQUILL JEROME THOMPSON, | ) | Honorable |
| | ) | Tiffany E. Davis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The evidence showed that no condition or combination of conditions would prevent defendant from subsequently being charged with a felony or Class A misdemeanor, therefore, the circuit court did not abuse its discretion in revoking defendant's pretrial release. Affirmed.

¶ 2   Defendant, Marquill Jerome Thompson, appeals the March 4, 2024, order of the circuit court of McHenry County granting the State's petition to revoke pretrial release and ordering him detained pursuant to section 110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2022)). For the following reasons, we affirm.

¶ 3                                        I. BACKGROUND

¶ 4    On March 2, 2022, a grand jury returned an indictment charging defendant with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)), a class 4 felony, in case no. 22-CF-134. These charges stemmed from an alleged incident that occurred on January 13, 2022, wherein defendant knowingly caused bodily harm to Charisma Reynolds, the mother of his children, by striking her in the face. Defendant posted monetary bail in this case and remained out on bond until he was arrested in case no. 24-CF-188.

¶ 5    On May 12, 2023, defendant was accepted into the mental health court program. He was discharged from the program on September 1, 2023, after being charged with one count of manufacturing and delivery of 1 to 15 grams of cocaine (720 ILCS 570-401(c)(2) (West 2024)), two counts of possession of a narcotic drug (720 ILCS 570-401(d)(i) (West 2024)), one count of possession of a schedule IV drug (720 ILCS 570-401(g) (West 2024)), and four counts of possession of a controlled substance (720 ILCS 70-402(c) (West 2024) in case no. 23-CF-731. Defendant also posted monetary bail in case no. 23-CF-731 and remained out on bond until he was arrested in case no. 24-CF-188.

¶ 6    Defendant was then charged with possession of a controlled substance (720 ILCS 570-402(c) (West 2024)), a class 4 felony, in case no. 24-CF-188 on February 27, 2024. The next day, on February 28, 2024, the State subsequently filed a petition to detain[1] in case no. 24-CF-188 and petitions to revoke pretrial release pursuant to 725 ILCS 5/110-6(a) (West 2024) in case nos. 23-CF-731 and 22-CF-134.

---

[1] A review of the McHenry County online docket shows that on February 28, 2024, an order entitled "Order – Pretrial Release Conditions" was entered. See https://caseinfo.mchenrycountyil.gov/PublicCaseAccess/CaseView/2024CF000188.

¶ 7 The matter proceeded to hearing on the State's petitions in case nos. 22-CF-134 and 23-CF-731 on March 1, 2024. The State proffered that while out on bond in case no. 22-CF-134, defendant was arrested and charged with possession of a controlled substance (720 ILCS 570-402(c) (West 2024)) in case no. 24-CF-188. On February 27, 2024, a Woodstock police officer observed defendant exhibiting signs of impaired driving and initiated a traffic stop. A K-9 alerted to the presence of narcotics in the vehicle, and a search of the vehicle uncovered a white powdery substance that field tested positive for cocaine.

¶ 8 The State also noted that in addition to case no. 24-CF-188, defendant was arrested and charged with case no. 23-CF-731 while out on bond in case no. 22-CF-134. Defendant also has prior criminal history, having been previously sentenced to conditional discharge for domestic battery in 2020.

¶ 9 Defense counsel argued that both 24-CF-188 and 23-CF-731 were drug related offenses, and did not indicate that defendant is a threat to the community or would be a flight risk. Counsel also proffered that defendant has been taking care of his ill parents and has been engaged in mental health counseling. He argued that conditions of pretrial release (such as GPS monitoring, electronic home monitoring, substance abuse evaluations, and random drug testing) would be more appropriate than pretrial detention.

¶ 10 The circuit court took judicial notice of the court files in all three cases and granted the State's petitions to revoke in case nos. 22-CF-134 and 23-CF-731. On March 1, 2024, the circuit court entered its written order, which read as follows:

"The Defendant was on pretrial release in 22Cf134 [*sic*] and 23CF731 when he was charged with 24cf188 [*sic*] and the Defendant was a participant in Mental Health Court while on pretrial release in 22CF134 and still was arrested and charge [*sic*] in 23CF731

and after discharge from mental health court went on to be charged in 24CF188 and has shown that even with the strict supervision of Mental Health Court he was still charged with a felony."

¶ 11    Defendant filed his timely notice of appeal on March 8, 2024.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant filed a notice in lieu of a memorandum, wherein he indicated that "[p]ursuant to Rule 604(h)(7), Defendant-Appellant is not filing a memorandum." In his notice of appeal, defendant raises two issues: (1) that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community; and (2) that the court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. As the first issue is relevant only to a petition to *deny* pretrial release (see 725 ILCS 5/110-6.1(e)(3) (West 2024)) and defendant is appealing an order granting a petition to *revoke* pretrial release (see 725 ILCS 5/110-6 (West 2024)), our analysis will be limited to the second issue.

¶ 14    In support of his second issue on appeal, defendant provides one sentence of argument: "Electronic monitoring and/or GPS would insure [*sic*] that defendant would not be charged with subsequent felonies or class A misdemeanors." We do not find this argument compelling.

¶ 15    A circuit court's decision to detain a defendant is reviewed using a two-part standard of review. *People v. Perez*, 2024 IL App (2d) 230504, ¶ 13. The manifest-weight-of-the-evidence standard applies to the circuit court's factual determinations. *Id.* A finding is contrary to the manifest weight of the evidence only if an opposite conclusion to the circuit court's is clearly

apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the circuit court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 16    Here, the evidence showed that no condition or combination of conditions would prevent defendant from being charged with a subsequent felony or Class A misdemeanor. While out on bond in case no. 22-CF-134, defendant was charged with not one, but two additional felonies. One of the conditions of defendant's bond in case no. 22-CF-134 was to not violate any criminal statute of any jurisdiction. He was apparently unable to comply with that very basic condition. Further, as the State observed, defendant had already had the opportunity to participate in the mental health court program, and *still* was charged with an additional felony despite the strict oversight of the program.[2] Given the foregoing, the circuit court's finding that no condition or combination of conditions would prevent defendant from committing a subsequent felony or Class A misdemeanor was not against the manifest weight of the evidence and the circuit court did not abuse its discretion in detaining defendant.

¶ 17    As a final note, we recognize that at the time of the hearing, defendant was not out on pretrial release pursuant to section 110-6.1 of the Code. Rather, he was out on bond after having posted monetary bail under the previous statutory scheme. This is a nonissue. Subsection (c)(5) of

---

[2] Such oversight included: intensive judicial/community supervision and treatment, regular meetings with Mental Health Court team members, personalized treatment plan, and home/community/office visits. See https://www.mchenrycountyil.gov/county-government/courts/22nd-judicial-circuit/office-of-special-projects/mental-health-court.

section 110-7.5 of the Code specifically accounts for this situation. See 725 ILCS 5/110-7.5(c)(5) (West 2024). Subsection (c)(5) states that "[i]f there is an alleged violation of the conditions of pretrial release in a matter in which the defendant has previously deposited security, the court having jurisdiction shall follow the procedures for revocation of pretrial release or sanctions set forth in Section 110-6." *Id.* Additionally, subsection (a) of section 110-7.5 of the Code states that "any person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial release under the terms of their original bail bond. *This Section shall not limit the State's Attorney's ability to file\*\*\*a petition for revocation or sanctions under Section 110-6.*" (Emphasis added.) 725 ILCS 5/110-7.5 (West 2024). Accordingly, the State proceeded correctly here in filing a petition to revoke, and the circuit court did not abuse its discretion in granting it. See *People v. Triplett*, 2024 IL App (2d) 230388, ¶ 14 ("The clear meaning of this language is that a defendant who was released on cash bail may remain free, unless the State files, and the trial court grants, a petition to detain or a petition for revocation."). See also *People v. Barner*, 2023 IL App (1st) 232147; *People v. Pugh*, 2024 IL App (5th) 231128.

¶ 18                         III. CONCLUSION

¶ 19    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 20    Affirmed.