2024 IL App (2d) 240262-U
No. 2-24-0262
Order filed June 25, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.   22-CF-198 |
| DAVID W. FLYNN, | ) ) ) | Honorable Mark R. Gerhardt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering him detained.

¶ 2    Defendant, David W. Flynn, appeals the March 27, 2024, order of the circuit court of McHenry County granting the State's amended verified motion to deny pretrial release and ordering defendant detained pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023) (we will refer to these public acts collectively as the

"Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that: (1) he poses a real and present threat to the safety of any person or persons, based on the specific articulable facts of the case and (2) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons, based on the specific articulable facts of the case, or defendant's willful flight. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On March 25, 2022, defendant was charged by criminal complaint in the circuit court of McHenry County with various felony sex crimes involving his biological daughter, C.F., who was born on August 22, 2002. A warrant was issued for defendant's arrest and bond was set at $150,000 (10% to apply). On or about April 20, 2022, defendant turned himself in. Subsequently, a grand jury returned a 14-count indictment, charging defendant with: (1) eight counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2022)), a Class 1 felony; (2) two counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(b) (West 2022)), a Class 2 felony; and (3) four counts of sexual relations within families (720 ILCS 5/11-11(a) (West 2022)), a Class 3 felony. On the State's motion, the trial court subsequently increased the amount of defendant's bond to $300,000. Lacking the financial ability to post monetary bail, defendant remained in custody.

¶ 5      On October 31, 2023, defendant filed a "Motion for Hearing for Release on Conditions" pursuant to sections 110-5 and 110-7.5(b) of the Code (725 ILCS 5/110-5, 110-7.5(b) (West

_____

[1] Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act. However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

2022)). On November 2, 2023, the State filed a verified motion to detain defendant, which it later amended. The State's amended motion urged that defendant be denied pretrial release because the charges against him constitute detainable offenses, the proof is evident or the presumption great that he committed the charged offenses, defendant poses a real and present threat to the safety of any persons or the community based on the specific articulable facts of the case, defendant has a high likelihood of willful flight to avoid prosecution, and no condition or combination of conditions can mitigate the real and present threat to the safety of any persons or the community based on the specific articulable facts of the case or the risk of defendant's willful flight.

¶ 6     The parties agreed to waive statutory timelines, and, after several continuances, a detention hearing was held on March 27, 2024. In support of its amended motion to detain, the State proffered the following factual basis. Defendant engaged in a pattern of sexual abuse against C.F. between October 2015 and January 2022. The abuse began shortly after C.F. turned 13 years of age, with defendant performing oral sex on her. It ultimately escalated to vaginal and anal penetration and fellatio. When C.F. was 16 years of age, defendant worked as an over-the-road truck driver. Defendant withdrew C.F. from school to take her on the road when he traveled and threatened her that she would be homeless without him. On January 9, 2022, defendant and C.F. were in Waterloo, Indiana. On that date, third parties became aware of the offenses. When that occurred, defendant threatened to kill himself and he put a knife to his throat. C.F. called the police, and defendant was hospitalized for suicidal threats. C.F. returned to McHenry County the following day, at which time she reported to the police the history of sexual abuse by defendant. The State further proffered that defendant made admissions to family members regarding the offenses, including through text messages that were recovered via forensic investigative analysis. The text messages revealed that, in addition to sexual abuse, defendant had subjected C.F. to

physical domestic violence and mental abuse. Furthermore, defendant sent text messages to family members stating that he planned to "disappear" and "never be seen *** again" once the offenses were revealed. The State also noted that defendant is a felon, having been convicted of burglary in the late 1980s and receiving a sentence of probation.

¶ 7     The State argued that all 14 offenses with which defendant was charged are detainable offenses and that the proof is evident or the presumption great that defendant committed the offenses. The State further posited that defendant poses a real and significant threat to the victim as well as himself. In support, the State cited defendant's suicidal actions and the threats of violence to C.F. The State added that defendant poses a flight risk based on the statements he made about disappearing and the "vast amount" of evidence against him. The State also noted that 8 of the 14 charges with which defendant was charged carry mandatory prison terms, with a minimum sentence of 32 years if convicted. Finally, the State asserted that no conditions or combination of conditions can mitigate the real and present threat to the safety of any persons or the community or the risk of willful flight.

¶ 8     In response, defendant proffered that officers who initially spoke with C.F. in January 2022, when she reported that he was suicidal, believed she was embellishing her statements and that there was no report of any crime at the hospital. Defendant also proffered that he turned himself in on the warrant that was issued two months after the initial report of the offenses. Defendant argued that detention was not appropriate given his lack of violent or abusive history and his lack of criminal history other than a 1987 burglary offense. Defendant pointed out that he was not under a sentence of supervision or probation at the time of the offenses and there was no evidence that he possessed any weapons. Defendant also disputed that he posed a flight risk, noting that he turned himself in and is a long-time resident of the area. Finally, defendant posited that

there are reasonable conditions that can be imposed short of detention, including requiring him to reside with his mother in Chicago and placing him on GPS monitoring.

¶ 9    Following the parties' arguments, the trial court granted the State's amended motion and denied pretrial release. The court found that the proof is evident or the presumption great that defendant committed a detainable offense and that defendant posed a real and present threat to the safety of C.F. based on the numerous alleged incidents, the nature of the alleged offenses, and the allegations of abuse and violence. Additionally, the court found that defendant posed a flight risk, citing both the text messages in which defendant suggested that he was going to leave the area and the length of mandatory minimum prison terms outlined by the State. The court stated that the "real question" is whether there are any conditions or combination of conditions that can mitigate the real and present threat to the safety of C.F. or the risk of willful flight. The court rejected the notion that defendant residing with his mother in Chicago and being subject to GPS monitoring would suffice. In this regard, the court questioned how long it would take for law enforcement to get to defendant's mother's house if GPS shows that defendant left the residence. The court also noted that Indiana is "right across the border" and if defendant fled to Indiana, his return would require extradition. As such, the court concluded that there were no conditions or combination of conditions that would mitigate the threat to C.F. or the risk of willful flight.

¶ 10    The trial court entered a written order in conjunction with its oral pronouncement. In the written order, the court found that the State had met its burden of proof by clear and convincing evidence that: (1) the proof is evident or the presumption great that defendant committed an offense subject to pretrial detention, specifically aggravated criminal sexual assault; (2) defendant's pretrial release poses a real and present threat to the safety of any persons or the community based on the specific, articulable facts of the case; and (3) no condition or combination of conditions can

mitigate the real and present threat to the safety of any persons or the community. In addition, the trial court found that the State met its burden of proof by clear and convincing evidence that defendant poses a real and present threat of willful flight and that no condition or combination of conditions can mitigate the risk of willful flight. In support of its findings, the trial court made the following written statement:

"The abuse is of a longstanding nature that included violent acts. Defendant made statements that he planned to free [*sic*] the jurisdiction prior to discovery of all the evidence against him, which gives him even greater motive to flee. GPS would not prevent flight. No condition of pretrial release can ensure the safety of the victim or prevent flight."

¶ 11 On April 9, 2024, defendant filed a form notice of appeal from the trial court's detention order. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. On May 22, 2024, OSAD notified this court that defendant had elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. April 15, 2024) (providing that the appellant "may file, but is not required to file, a memorandum"). Thus, on appeal, we are limited to the arguments made in defendant's notice of appeal. See *People v. Thompson*, 2024 IL App (2d) 240185-U, ¶ 13 (addressing arguments made in notice of appeal where defendant opted not to file a memorandum). The State filed a response in opposition to the appeal.

¶ 12                                   II. ANALYSIS

¶ 13 Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses).

725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed the offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 14    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat or a high likelihood of willful flight, and whether any conditions would mitigate any threat or the risk of willful flight. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite that to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 15 On appeal, defendant raises two arguments. First, he argues that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons based on the specific, articulable facts of the case. Second, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons based on the specific, articulable facts of the case or the risk of his willful flight. We do not find either of these arguments convincing.

¶ 16 Regarding his first assignment of error, defendant posits in his notice of appeal that other than the offense charged, the State offered no evidence that he poses a real and present threat to the safety of any person. We disagree. Section 110-6.1(g) of the Code (725 ILCS 5/110-6.1(g) (West 2022)) lists several factors for a court to consider in determining whether a defendant poses a real and present threat to the safety of any person or the community. These factors include: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involved a weapon, or is a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person or persons to whose safety the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by, or attributed to defendant, together with the circumstances surrounding them; (5) the age and physical condition of any victim or complaining witness; (6) whether defendant is known to possess any weapons; (7) whether, at the time of the offense, the defendant was on probation, parole, or other release from custody pending trial; and (8) any other factors deemed by the court to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior. 725 ILCS 5/110-6.1(g) (West 2022). The statute does not list any singular factor as dispositive. See 725 ILCS 5/110-6.1(g) (West 2022).

¶ 17    In this case, while a couple of factors weigh in defendant's favor—his criminal history is limited and he was not on any type of court supervision at the time he committed the offenses at issue—other factors weigh in favor of detention. Notably, the State proffered that defendant had subjected C.F. to repeated, ongoing sex offenses dating back to October 2015, when she was a minor, and only ending in January 2022, when C.F. reported the alleged offenses to the police. Defendant made incriminating statements to third parties in text messages. These messages revealed that, in addition to the sexual abuse underlying the criminal charges in this case, defendant had subjected C.F. to physical domestic violence and mental abuse. Moreover, the State presented evidence that defendant had threatened to kill himself by putting a knife to his throat when the allegations of sexual abuse were revealed to third parties. Based on the foregoing, the trial court's finding that defendant posed a real and present threat to the safety of any persons was not against the manifest weight of the evidence.

¶ 18    Defendant also argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any persons based on the specific, articulable facts of the case or the risk of his willful flight. In support of this claim, defendant contends that there are conditions that could mitigate any potential threat to the safety of the alleged victim. He posits that he could reside over an hour away from C.F.'s residence (presumably at his mother's home in Chicago) and that GPS monitoring will assure C.F.'s safety and guard against the threat of flight. Defendant also asserts that the trial court erred in finding that no conditions could mitigate the risk of willful flight because the factual basis for the State's argument on flight risk "predates any accusation by [C.F.], any investigation by authorities, or the filing of a [c]omplaint." Defendant also points out that he surrendered to the police within 30 days of the filing of the criminal complaint.

¶ 19   The Code instructs that, in determining which conditions of pretrial release, if any, will reasonably ensure the appearance of a defendant or the safety of any other person or the community, the trial court shall consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

¶ 20   Here, the trial court found by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons or the risk of willful flight. The court specifically considered whether defendant residing with his mother in Chicago and GPS monitoring would mitigate the risk to C.F. or the risk of defendant's willful flight, and it determined that it would not. The court explained that the ability of GPS monitoring to prevent harm is dependent on law enforcement to intervene once a violation of the conditions of release is detected. The court was particularly concerned in this case because if defendant resided with his mother, he would be close to Indiana, which would require extradition if defendant were to flee there. While defendant turned himself in to police, there was

evidence of text messages from defendant indicating that he was going to "disappear" and "never be seen *** again" once the offenses were revealed. Accordingly, we simply cannot say that the trial court's finding that there are no conditions or combination of conditions that can mitigate the real and present threat to the safety of any person or persons based on the specific, articulable facts of the case or the risk of his willful flight was against the manifest weight of the evidence.

¶ 21    Defendant suggests in his notice of appeal that, because the factual basis for the State's willful flight argument, *i.e.*, the text messages indicating that he was going to "disappear" and "never be seen *** again," predates the criminal investigation and the filing of charges against him, the trial court erred in finding that no condition or combination of conditions could mitigate the risk of his willful flight. We disagree. As the trial court recognized, the fact that defendant threatened to flee even before the investigation revealed the full extent of evidence against him and before he knew the minimum prison term he could face if convicted increases the risk of willful flight.

¶ 22    In short, considering the record before us, we cannot say that the trial court's factual findings are against the manifest weight of the evidence. Moreover, based on the trial court's factual findings, we conclude that its order granting the State's amended motion to deny defendant pretrial release did not constitute an abuse of discretion.

¶ 23                                III. CONCLUSION

¶ 24    For the reasons set forth above, we affirm the judgment of the circuit court of McHenry County.

¶ 25    Affirmed.