2024 IL App (1st) 232130-U
Order filed: January 18, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-2130B

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 351401 |
| | ) | |
| SHAQUILLE WALKER, | ) | Honorable |
| | ) | Patrick K. Coughlin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Ocasio III concurred in the judgment.

## ORDER

¶ 1    *Held*: Revocation of pretrial release is affirmed, where a defendant provided no legal support for requested remedy for the failure to hold a hearing on the State's petition for revocation within 72 hours as required by statute, and the circuit court's revocation decision was not an abuse of discretion.

¶ 2    Defendant-appellant, Shaquille Walker, appeals from an order granting the State's petition to revoke his pretrial release under the legislation commonly referred to as the SAFE-T Act or the Pretrial Fairness Act (the Act). See Pub. Act 101-652 (eff. Jan. 1, 2023).[1] For the following reasons, we affirm.

_____

[1] While commonly known by these names, neither the Illinois Compiled Statutes nor the forgoing public act refer to the Act as the "Safety, Accountability, Fairness and Equity-Today" Act, *i.e.*, SAFE-T Act, or the "Pretrial Fairness Act." See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1. Certain provisions of the

¶ 3    Defendant was charged on September 8, 2022, for allegedly committing harassment by electronic communication. A "No Bail" warrant for his arrest on this charge was issued on the same day. On March 5, 2023, defendant was arrested and the warrant was executed. On March 8, 2023, defendant's bond was reduced, he posted a cash bond, and he was released with special conditions that included a requirement that he have no contact with the alleged victim of the harassment.

¶ 4    A superseding indictment was filed on March 23, 2023, in which it was alleged that between February 1, 2022, and August 15, 2022, defendant used electronic communications to make a comment, request, suggestion, or proposal which is obscene with the intent to offend; and that during the offense, he threatened to kill the victim or any member of the victim's family. Defendant was subsequently arraigned on the new charge and entered a plea of not guilty. On July 19, 2023, defendant failed to appear in court and another "No Bail" arrest warrant for defendant's arrest was issued. After defendant again failed to appear in court, a judgment of bond forfeiture was entered on August 28, 2023.

¶ 5    On September 8, 2023, the police responded to a report of a violation of an order of protection. Defendant was detained in connection therewith, and it was subsequently determined that defendant had not yet been served with the order of protection. However, defendant was arrested on the outstanding warrant in this case, and he was transferred to a police station where he was then served with the order of protection. On the same date, the warrant was executed,

---

legislation in question were amended by Pub. Act 102-1104 (eff. Jan. 1, 2023). See *Rowe*, 2023 IL 129248, ¶ 4. The supreme court initially stayed the implementation of this legislation, but vacated that stay effective September 18, 2023. *Id.* ¶ 52.

defendant was ordered to remain in custody, and this matter was continued to September 12, 2023. On that date, defendant's bond was set at a $25,000 D bond and defendant continued to remain in custody.

¶ 6     On September 25, 2023, defendant filed a Petition to Remove a Financial Condition of Pretrial Release because of his inability to post bond, pursuant to section 5/110-5(e) of the Code of Criminal Procedure of 1963 (Code). 725 ILCS 5/110-(5)(e) (West 2022). On September 28, 2023, defendant was granted pretrial release in an order that imposed only the mandatory "non-discretionary conditions," which included a requirement that he "[n]ot violate any criminal statute of any jurisdiction." This matter was continued to November 9, 2023.

¶ 7     On October 22, 2023, the State filed a verified petition seeking the revocation of defendant's pretrial release, pursuant to section 5/110-6(a) of the Code. 725 ILCS 5/110-(6)(a) (West 2022). Therein, the State alleged that defendant had been charged with a new offense, aggravated battery of a police officer, and that pretrial detention was required to prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Defendant was ordered to be detained, and the matter was transferred to the courtroom of the judge presiding over this matter. On the State's motion, this matter was continued for a hearing before that judge on October 24, 2023. However, that hearing never occurred, and this matter was next before the court on the previously scheduled date of November 9, 2023.

¶ 8     On that date, the circuit court held a hearing on the State's petition for revocation of pretrial release. Defendant appeared remotely via Zoom and waived his right to be present in person. Defense counsel moved to strike the State's petition and release defendant from custody with the previously ordered conditions. The basis of this motion was the failure to hold a hearing on the State's petition within 72 hours of filing, as is required by section 5/110-6(a) of the Code. 725

ILCS 5/110-(6)(a) (West 2022).

¶ 9    In response the court stated that a notation in the record indicated that defendant was in the hospital on October 22, 2023, while the State noted that its records indicated defendant was admitted for a psychiatric evaluation following his arrest. Defense counsel indicated that it was unclear exactly when defendant was released from the hospital. The circuit court denied the motion to strike, stating that "I don't know what happened on the date of the filing. I don't know when the defendant was in or out of custody. At this point, respectfully, counsel, your motion to strike the State's petition is denied." The hearing then proceeded over defendant's objection, after the State provided defense counsel with an arrest report and a case incident report.

¶ 10    The State then proffered that on October 20, 2023, police responded to a residence in Chicago regarding a reported violation of an order of protection. Defendant was removed from the residence, but later that day the police responded a second time. The defendant fled from the scene, and the police then responded a third time to the same address. The front door was observed to have multiple dents and to be slightly opened, while the door trim was cracked in half. A female informed the officers that defendant had again returned to her residence, kicked in the door, and then began yelling and screaming before he fled in an unknown direction. The police were subsequently heading back to the police station when they saw defendant.

¶ 11    Officers, in full police uniform, approached the defendant and attempted to place him in custody. Defendant began to stiffen his arms and pull away from officer's grasp in order to defeat arrest. Officers gave multiple verbal commands to stop pulling away and to stop resisting arrest. One officer then performed an emergency takedown of the defendant to gain control. While the officer was attempting to place the defendant into custody, defendant grabbed the officer's testicles and squeezed. Officers then gained control of the defendant and while walking him to the squad

car, defendant thrusted his head forward, hitting his forehead on the rear window. Defendant was transported to the police station, where he grabbed another officer's fingers and bent them backwards. Defendant was transferred to the hospital for a psychiatric evaluation.

¶ 12    The State then proffered that defendant had the instant Class 4 felony electronic harassment charge pending, as well as a 2019 conviction for aggravated battery to a police officer for which he was sentenced to probation. Defendant was also convicted of both misdemeanor aggravated assault to a transit employee and misdemeanor criminal damage to property.

¶ 13    Defense counsel then supplemented the record as to the motion to strike, after reviewing the materials provided by the State. Defense counsel stated that the materials indicated that defendant was released from the hospital on October 22, 2023, and had been in custody from that time forward without a timely hearing on the State's petition for revocation of pretrial release. After noting that the Code did not provide a specific remedy for any failure to hold a timely hearing on the State's petition, and that there was nothing to stop the State from immediately filing a second petition for revocation, the circuit court invited defense counsel to proceed with his proffer.

¶ 14    Defense counsel proffered that defendant had not been detained in custody on the new charge filed against him, was a high school graduate, was currently working to support his son, and has diagnosed mental health conditions. Defense counsel requested that defendant continue to be released pretrial with minimal additional restrictions, including monitoring his mental health treatment and the possibility of electronic monitoring.

¶ 15    The circuit court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably prevent the defendant from being charged with a subsequent felony or Class A misdemeanor, and that defendant would therefore be detained until further order of court. The court noted that defendant had previously failed to appear in court and

then committed the new offense just three weeks after he had been released with only the mandatory minimum conditions, which included the requirement that he not violate any criminal statutes. Because the defendant "couldn't even last three weeks without an allegation that he picked up a new offense," the court stated, "I have no faith that he would abide by the court's order to remain on [electronic monitoring] or curfew."

¶ 16    The court therefore ordered defendant detained, and a written order reflecting these findings was entered the same day. Defendant timely appealed, pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023). In his notice of appeal, defendant first asserted that his motion to strike the State's petition was improperly denied and he was denied a timely hearing. He also challenged the merits of the revocation order entered by the circuit court. Defendant elected not to file a brief with this court (see Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023)), while the State filed a written response to defendant's appeal.

¶ 17    We first address defendant's contention that his motion to strike the State's petition was improperly denied and he was denied a timely hearing under the Code. This issue presents a question of statutory interpretation, which we review *de novo*. *People v. Moore*, 2020 IL App (1st) 190435, ¶ 11.

¶ 18    Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent. *People v. Palmer*, 2021 IL 125621, ¶ 53. The best indicator of the intent is the language of the statute. *People v. Fields*, 2011 IL App (1st) 100169, ¶ 18 (citing *People v. Smith*, 236 Ill. 2d 162, 166-67 (2010)). We consider the statute as a whole and give the words used by the legislature their plain and ordinary meaning. *Palmer*, 2021 IL 125621, ¶ 53. In interpreting a statute, no part should be rendered meaningless or superfluous. *Hernandez v. Lifeline Ambulance, LLC*, 2019 IL App (1st) 180696, ¶ 10. "We may not, under the guise of statutory interpretation, supply omissions,

remedy defects, annex new provisions, substitute different provisions, exceptions, limitations or conditions, or otherwise change the law so as to depart from the language employed [by the legislature]." (Internal quotation marks omitted.) *People v. Lewis*, 361 Ill. App. 3d 1006, 1013 (2005).

¶ 19    Pretrial release is governed by article 110 of the Code (725 ILCS 5/110 (West 2022)), as amended by the Act. Under the Code, the requirement of posting monetary bail has been abolished in Illinois as of September 18, 2023. See 725 ILCS 5/110-1.5 (West 2022); *Rowe*, 2023 IL 129248, ¶ 52. Now, "[a]ll persons charged with an offense shall be eligible for pretrial release before conviction. It is presumed that a defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release." 725 ILCS 5/110-2(a) (West 2022).

¶ 20    Once granted to a defendant charged with a felony or Class A misdemeanor, as was the case here, pretrial release may nevertheless be revoked under section 110-6(a) of the Code. 725 ILCS 5/110-6(a) (West 2022). The relevant statutory language provides as follows:

> "When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.
>
> ***
>
> Upon the filing of a petition or upon motion of the court seeking revocation, the court shall order the transfer of the defendant and the petition or motion to the court before

which the previous felony or Class A misdemeanor is pending. The defendant may be held

in custody pending transfer to and a hearing before such court. The defendant shall be

transferred to the court before which the previous matter is pending without unnecessary

delay, and the revocation hearing shall occur within 72 hours of the filing of the State's

petition or the court's motion for revocation." *Id*.

¶ 21    Here, nearly all these statutory requirements were fully complied with. On October 22, 2023, the State filed a petition alleging that defendant had been charged with a felony that was alleged to have occurred during the defendant's pretrial release. The defendant was ordered to be detained, and that petition was promptly transferred to the judge presiding over this matter on the same day. However, a hearing on that petition was not held within 72 hours, as required by the statute. *Id*. Rather, a hearing on the petition was not held until the next scheduled court date of November 9, 2023, over two weeks later. While it appears that defendant was transferred to a hospital after his arrest, it is not at all clear from the record whether the delay in holding the revocation hearing resulted from this hospitalization or some other factor.

¶ 22    The question remains as to what relief, if any, defendant is entitled to considering this violation of the Code's 72-hour hearing requirement. In his notice of appeal, defendant asks that we vacate the order revoking his pretrial release, strike the State's petition to revoke pretrial release, and place him back on pretrial release with the previously ordered conditions. We reject this argument for two reasons.

¶ 23    First, and as the circuit court noted, the statute itself provides no such remedy for a violation of the 72-hour requirement. Indeed, it specifies no remedy at all. We reiterate that our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent (*Palmer*, 2021 IL 125621, ¶ 53), and we "may not, under the guise of statutory interpretation, supply omissions,

remedy defects, annex new provisions, substitute different provisions, exceptions, limitations or conditions, or otherwise change the law so as to depart from the language employed [by the legislature]." (Internal quotation marks omitted.) *Lewis*, 361 Ill. App. 3d at 1013. Here, defendant asks us to graft a specific remedy onto the Code that the legislature did not provide, and we decline to do so.

¶ 24    Second, even if we were inclined to further entertain defendant's argument with respect to the proper remedy, we note that Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023), pursuant to which defendant has filed this appeal, provides that: "The Notice of Appeal shall describe the relief requested and *the grounds for the relief requested*." (Emphasis added.) It has been recognized that this language "would appear to mean some form of argument is required, along with justification for claiming entitlement to relief—like references to the record, the evidence presented, or, if possible, legal authority." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12.

¶ 25    Here, defendant elected not to file a memorandum in support of his appeal, and in his notice of appeal he has provided no legal basis for his specifically requested relief. While such a memorandum is not required by the Rule, it is also true that even the truncated and expedited appellate procedure called for by Rule 604(h) does not require "the appellate court to act as an advocate or seek error on the appellant's behalf." *Id.*, ¶ 13. As has long been recognized, a "reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *People v. Macias*, 2015 IL App (1st) 132039, ¶ 88. This is exactly what defendant has done here, and without any further argument or authority from defendant we decline to further consider the

propriety of his requested relief or the question of what, if any, remedy is generally appropriate for a violation of the Code's 72-hour hearing requirement.

¶ 26    We now turn to defendant's second argument on appeal, that the circuit court improperly granted the State's petition to revoke his pretrial release on the merits.

¶ 27    As noted above, when as is the case here, "a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022). At the hearing on such a motion or petition, "[t]he State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id*. In deciding the issue, the circuit court "shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." *Id*.

¶ 28    Appeals of bail orders under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) have historically been reviewed using an abuse of discretion standard. *Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9). While Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) provides a new procedure for these types of appeals considering the changes made to the Code by the Act, "the Act neither mandates nor suggests a different standard of review." *Inman*, 2023 IL App (4th) 230864, ¶ 11. There is some debate among the appellate districts concerning the appropriate standard of review with respect to appeals under Rule 604(h). See *People v. Herrera*, 2023 IL App (1st) 231801, ¶¶ 22-24 (observing split between

districts regarding abuse of discretion and manifest weight of the evidence standard under the Act). While we would affirm under either standard, we conclude that a circuit court's ultimate decision to detain or not is subject to review for an abuse of discretion (*Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9)), while a trial court's factual determinations are reviewed under the manifest weight standard (*People v. Rodriquez*, 2023 IL App (3d) 230450, ¶ 8; *People v. Stock*, 2023 IL App (1st) 231753, ¶ 12). An abuse of discretion occurs where the court's judgment is fanciful, arbitrary or unreasonable, or where no reasonable person would agree with the court's position. *Simmons*, 2019 IL App (1st) 191253, ¶ 9. In conducting this review, we will not substitute the circuit court's factual and credibility findings with our own. *Inman*, 2023 IL App (4th) 230864, ¶ 11. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 29    As to the merits of the circuit court's decision, defendant first contends that the revocation of his pretrial release was improper because "the Court based its finding on the fact that [defendant] was not likely to comply with Court orders, citing his failure to promptly surrender on a previous warrant and his alleged failure to comply with the order to not be changed with any subsequent offenses. The Court's reliance on a failure to appear was improper, as the State's petition only alleged a risk of subsequent charges." We reject this contention, as the circuit court did not cite defendant's prior failure to surrender on the warrant or appear in court as evidence that he would not appear for subsequent hearings, a basis for revocation not raised by the State in its petition. Rather, the circuit court properly cited this history as evidence defendant was unwilling or unable to comply with even minimal pretrial conditions, and as such no condition or combination of

conditions of release would reasonably prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 30    Defendant also contends that he had previously been released with only minimal conditions, and that "[a]dditional conditions, such as curfew, electronic monitoring, pretrial services, or compliance with medications would mitigate the risk and were not tried. [Defendant] suffers from mental health changes and would thrive with additional support." However, defendant made this exact argument to the circuit court, and it was rejected. We reiterate that in conducting this review, we will not substitute the circuit court's factual findings with our own. *Inman*, 2023 IL App (4th) 230864, ¶ 11. Furthermore, while this argument was made below, defendant introduced no evidence to support it at the hearing.

¶ 31    In sum, the record reflects that in making its decision the circuit court properly considered "all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." 725 ILCS 5/110-6(a) (West 2022). Considering defendant's history of violating even the minimum, non-discretionary statutory conditions within weeks of his prior pretrial release—including being charged with a new felony—we find nothing arbitrary or unreasonable in the circuit court's decision to revoke defendant's pretrial release on the basis that no condition or combination of conditions of release would reasonably prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 32    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 33    Affirmed.