NOTICE
Decision filed 06/18/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240390-U

NO. 5-24-0390

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 23-CF-1567 |
| | ) | |
| MICHAEL A. SMOLLEY, | ) | Honorable |
| | ) | Shane Mendenhall, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order revoking the defendant's pretrial release where we find no reversible error based on the timing of the revocation hearing, the circuit court's finding that no condition or combination of conditions would prevent the defendant from committing subsequent felonies or Class A misdemeanors was not against the manifest weight of the evidence, and the revocation order was not an abuse of discretion.

¶ 2    The defendant, Michael A. Smolley, appeals the February 29, 2024, order of the circuit court of Macon County granting the State's petition to revoke pretrial release and ordering him detained pursuant to the Safety, Accountability, Fairness and Equity Today (SAFE-T) Act (Act).[1]

_____

[1]The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

*Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we affirm the order of the circuit court of Macon County.[2]

¶ 3                                    I. BACKGROUND

¶ 4     On October 18, 2023, the State charged the defendant by information with driving a motor vehicle while his license was revoked, having been previously convicted of driving while his license was revoked for the offense of driving under the influence in violation of section 6-303 of the Illinois Vehicle Code (625 ILCS 5/6-303(a), (d)(1) (West 2022)). On October 25, 2023, the State additionally charged the defendant with one count of aggravated battery in violation of section 12-3.05(a) of the Criminal Code of 2012 (720 ILCS 5/12-3.05(a)(5) (West 2022)) and one count of domestic battery, having been previously convicted of domestic battery, in violation of section 12-3.2(a)(2) of the Criminal Code of 2012 (*id.* § 12-3.2(a)(2), (b)). The same day, the State filed a verified petition to set conditions of pretrial release. The defendant was released on October 26, 2023, with several conditions, including the condition that he does not violate any criminal statute of any jurisdiction.

¶ 5     The two additional counts filed on October 25, 2023, were dismissed on January 11, 2024, with leave to refile. On February 14, 2024, the State filed a verified petition to revoke the defendant's pretrial release, pursuant to section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)). The State's petition alleged that the defendant had violated his pretrial release conditions by committing the new offenses of driving while his license was revoked on November 29, 2023, and January 2, 2024, as charged in Macon County case Nos. 24-CF-78 and 24-CF-193. The State also alleged that no condition or combination of

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before June 7, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of the issues and lack of precedential authority, we find there to be good cause for extending the deadline.

conditions of release would reasonably ensure the defendant's appearance for later court hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 6       On February 22, 2024, a notice of hearing on the State's petition to revoke pretrial release was filed, setting the hearing on February 26, 2024. On the court's own motion, the cause was continued without objection until February 29, 2024. At the hearing on February 29, 2024, the circuit court found that the defendant, while on pretrial release for a felony or Class A misdemeanor, was charged with two new Class 4 felony cases of driving while his license was revoked, and that no condition or combination of conditions of release would reasonably prevent the defendant from subsequently being charged with a felony or Class A misdemeanor, and ordered the defendant detained. The circuit court entered a written order the same day, and on March 12, 2024, the defendant timely appealed utilizing the Notice of Pretrial Fairness Act Appeal 604(h) (Defendant as Appellant) standardized form provided by the Illinois Supreme Court. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).

¶ 7                                II. ANALYSIS

¶ 8       On appeal, the defendant requests, as relief, release with pretrial conditions. The defendant's notice of appeal included the following claims of error: (1) the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense charged; (2) the State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; (3) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the

3

defendant's willful flight; and (4) the court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 9    The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant in this appeal, and OSAD filed a supporting memorandum on May 6, 2024. In the defendant's memorandum, the defendant raised two issues. First, the defendant argues that the circuit court's hearing on the petition to revoke pretrial release was untimely. The defendant states that the State's petition to revoke was filed on February 14, 2024, but that the circuit court failed to conduct a hearing on the State's petition until February 29, 2024. Also, within this issue, the defendant argues ineffective assistance of defense counsel for failing to object to the timing of the revocation hearing.

¶ 10    Next, the defendant argues that the State failed to prove, by clear and convincing evidence, that there was no condition or combination of conditions of pretrial release that would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. As OSAD filed a Rule 604(h) memorandum that abandoned the additional issues raised in the defendant's notice of appeal, we will address only the two arguments supported by the defendant's memorandum. See *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42 (when a supporting Rule 604(h) memorandum is filed, it becomes the controlling document for issues or claims on appeal and the notice of appeal will not be used to seek out further arguments except in limited circumstances).

¶ 11    The first issue the defendant raises on appeal is the timing of the revocation hearing. The defendant acknowledges that this issue was not preserved and as such, is forfeited on review, but requests this court to review the issue under the doctrine of plain error. See *People v. Scott*, 2023

IL App (5th) 230897-U, ¶ 14 (issue forfeited where the defendant failed to object to the State's petition and failed to allege the error in the notice of appeal). The plain-error doctrine is a narrow and limited exception to the general rule of procedural default which allows plain errors or defects affecting substantial rights to be noticed although the error or defect was not brought to the attention of the circuit court. *People v. Herron*, 215 Ill. 2d 167, 176 (2005). An otherwise unpreserved error may be noticed under the plain-error doctrine, codified in Illinois Supreme Court Rule 615 (eff. Jan. 1, 1967), if the defendant first demonstrates that a clear or obvious error occurred and then shows that either (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). If the defendant fails to meet his burden of persuasion under plain error, the issue is forfeited, and the reviewing court will honor the procedural default. *People v. Marzonie*, 2018 IL App (4th) 160107, ¶ 55.

¶ 12     Here, the defendant argues that the circuit court erred in conducting the revocation hearing beyond the 72-hour statutory requirement set forth in section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)), and that the issue is reviewable under the second prong of plain error. The supreme court has recognized an error as structural, *i.e.*, a systemic error which serves to erode the integrity of the judicial process and undermine the fairness of the judicial process requiring reversal, only in a very limited class of cases. *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009). Those cases include a complete denial of counsel, trial before a biased judge, racial discrimination in the selection of a grand jury, denial of self-representation at trial, denial of a public trial, and a defective reasonable doubt instruction. *People v. Thompson*, 238 Ill. 2d 598, 609 (2010).

5

¶ 13    The initial step in conducting a plain error analysis is to determine whether an error actually occurred. *People v. Walker*, 232 Ill. 2d 113, 124 (2009). Without reversible error, there can be no plain error. *People v. Naylor*, 229 Ill. 2d 584, 602 (2008). Thus, we must first determine if the trial court committed an error in conducting the revocation hearing more than 72 hours after the State filed its petition to revoke pretrial release.

¶ 14    A defendant's pretrial release may be revoked only in certain statutorily limited situations. 725 ILCS 5/110-6(a) (West 2022). Section 110-6 of the Code addresses revocation of pretrial release, the modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release. *People v. Pugh*, 2024 IL App (5th) 231128, ¶ 11 (citing 725 ILCS 5/110-6 (West 2022)). Section 110-6(a) provides, in relevant part, as follows:

> "(a) When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.
>
> ***
>
> Upon the filing of a petition or upon motion of the court seeking revocation, the court shall order the transfer of the defendant and the petition or motion to the court before which the previous felony or Class A misdemeanor is pending. The defendant may be held in custody pending transfer to and a hearing before such court. The defendant shall be transferred to the court before which the previous matter is pending without unnecessary delay, and the revocation hearing shall occur within 72 hours of the filing of the State's petition or the court's motion for revocation." 725 ILCS 5/110-6(a) (West 2022).

6

¶ 15 The court in *People v. Green*, 2024 IL App (1st) 240211, recently addressed the issue of the timing of a revocation hearing. In *Green*, the circuit court conducted the defendant's revocation hearing one day beyond the 72-hour statutory deadline. *Id.* ¶ 12. The *Green* court found, after conducting a statutory construction analysis, that section 110-6(a) imposed an obligation on the circuit court to hold the hearing within 72 hours of the State's petition. *Id.* ¶ 23. The *Green* court further found, however, that the obligation to conduct the hearing within 72 hours was not mandatory under the mandatory-directory dichotomy. *Id.* The mandatory-directory dichotomy denotes whether the failure to comply with a particular procedural step will, or will not, have the effect of invalidating the governmental action to which the procedural requirement relates. *People v. Robinson*, 217 Ill. 2d 43, 51-52 (2005).

¶ 16 In its analysis, the *Green* court noted that section 110-6(a) "lacks any negative language prohibiting further action in the event the hearing is not held within 72 hours of the filing of the State's petition, nor are there any other specific consequences prescribed for the court's failure to hold a hearing within the specified time frame." *Green*, 2024 IL App (1st) 240211, ¶ 20. The *Green* court went on to state as follows:

"We also find no support for the conclusion that the right that section 110-6(a) is designed to protect would generally be injured under a directory reading. Section 110-6(a) is designed to protect victims and the community from defendants who are alleged to have committed felonies or Class A misdemeanors while on pretrial release and to provide prompt hearings to determine whether revocation is warranted. Although the Code contemplates that such hearings should be held expeditiously, in particular because a defendant may be held in custody pending the revocation hearing (see 725 ILCS 5/110-6(a) (West 2022)), a strict mandatory construction of the 72-hour requirement does not

7

achieve the purpose of the statute to determine whether revocation of previously granted pretrial release is warranted." *Id.* ¶ 21.

¶ 17 Finally, the *Green* court noted that section 110-6(a) requires the defendant to be transferred to the court before which the previous felony or Class A is pending and that, in some circumstances, it may impossible to comply with both statutory requirements that the defendant be transferred and the hearing conducted within 72 hours. *Id.* ¶ 22. Therefore, the *Green* court conclude that the statute's 72-hour hearing command was "directory only, and no consequence is warranted for the court's failure to hold a hearing within the 72-[hour] period under the particular facts of this case." *Id.* ¶ 23.

¶ 18 We acknowledge that the revocation hearing addressed by the *Green* court was one day past the 72-hour time frame, and that the hearing at issue in this appeal was conducted over a week beyond the 72 hours. We note, however, that the defendant in *Green* had been arrested and was in custody due to the new offenses. *Id.* ¶ 5. The defendant in this matter was on pretrial release and not in custody, and as such, the defendant had to be located and served with a summons or arrested on a warrant to bring him before the court. The defendant was brought before the court on February 26, 2024, and 67 hours later, on February 29, 2024, the revocation hearing occurred.

¶ 19 Therefore, based on the specific facts of this matter and pursuant to the precedent set forth above, we find that the circuit court erred in failing to conduct the revocation hearing within 72 hours, but that no consequence is warranted given that the revocation hearing was conducted within 72 hours of the defendant being brought before the court. We further find that, although there was an error in the circuit court's failure to conduct the revocation hearing within 72 hours of the filing of the State's petition to revoke, it was not a systemic error which served to erode the integrity of the judicial process and undermine the fairness of the judicial process that would

require reversal. As previously stated, without reversible error, there can be no plain error. *Naylor*, 229 Ill. 2d at 602. Therefore, we find that the defendant has failed to meet his burden of persuasion under plain error, the issue is forfeited, and this court will honor the procedural default.

¶ 20 Finally, the defendant also argues under this issue that his defense counsel was ineffective for failing to object to the timing of the hearing. To establish a claim of ineffective assistance of counsel, a defendant must satisfy the familiar two prong *Strickland* test of deficiency and prejudice. See *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must prove that counsel's performance was so deficient that counsel was not functioning under the standard of competence under prevailing professional norms. *People v. Evan*, 186 Ill. 2d 83, 93 (1999). Second, the defendant must establish prejudice in that the outcome of the proceedings would have been different or counsel's deficient performance rendered the result of the proceedings unreliable or the proceeding fundamentally unfair. *Id.* A defendant must satisfy both prongs of the *Strickland* test and the failure to establish either prong will be fatal to the claim. *People v. Sanchez*, 169 Ill. 2d 472, 487 (1996).

¶ 21 Here, the defendant argues that he was prejudiced by defense counsel's failure to object to the timing of the revocation hearing since "he lost the ability to stay on pretrial release." We disagree. Even if the circuit court had ruled that the hearing could not proceed on the State's petition filed on February 14, 2024, the State could have simply refiled the petition and another hearing could have been conducted within 72 hours of that filing. The defendant makes no argument that the outcome of any revocation hearing would be different than the outcome of the hearing on February 29, 2024. Further, due to the delay in the hearing, the defendant was actually permitted to remain on pretrial release for a longer period of time than if the hearing had been

9

conducted within the 72-hour deadline. Therefore, we find that the defendant has failed to establish prejudice and his claim of ineffective assistance of defense counsel must fail.

¶ 22    The second issue that the defendant argues on appeal is that the State failed to prove that less restrictive conditions of release would be insufficient to ensure the defendant's appearance at later hearings or from being charged with a subsequent offense. In considering pretrial release conditions, the circuit court must determine what conditions, if any, would "reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022). Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the [circuit] court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Id.* The circuit court's ultimate determination regarding the revocation of pretrial release, however, will not be reversed absent an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the circuit court. *People v. Heineman*, 2023 IL 127854, ¶ 59.

¶ 23    We have thoroughly reviewed the record on appeal in this matter. The circuit court made an individualized finding to revoke the defendant's pretrial release and detain the defendant after considering the facts presented, arguments made by counsel, and the statutory factors. The circuit

court specifically found that the defendant was previously released with pretrial conditions; however, the defendant was not compliant with those conditions after his release and was charged with two new felony offenses. These offenses were for the same offense as the defendant's original charge. The circuit court further found that no condition or combination of conditions of pretrial release could reasonably prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 24    Based on our review of the record, we find that the circuit court's factual findings were not against the manifest weight of the evidence and the circuit court's ultimate determination to revoke the defendant's pretrial release and detain the defendant was not an abuse of discretion. Accordingly, we affirm the circuit court's revocation order of February 29, 2024.

¶ 25                                    III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the February 29, 2024, order of the circuit court of Macon County, revoking the defendant's pretrial release.

¶ 27    Affirmed.