2025 IL App (2d) 240734-U
No. 2-24-0734
Order filed March 5, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21-CF-577 |
| RASAUN M. COLLINS, | ) ) | Honorable Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1 *Held*:   (1) The trial court did not err in granting the State's petition to revoke defendant's pretrial release, (2) the court did not err under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)), when it failed to hold the revocation hearing within 72 hours of the filing of the State's petition to revoke, and (3) defendant was not denied effective assistance of counsel.  Affirmed.

¶ 2   In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), defendant, Rasaun M. Collins, timely appeals the order of the circuit court of De Kalb County revoking his pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023),

commonly known as the Pretrial Fairness Act (Act).[1]  See also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act) and *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting the supreme court's stay of pretrial release provisions and setting an effective date of the acts of September 18, 2023).  For the following reasons, we affirm.

¶ 3                                     I. BACKGROUND

¶ 4      On December 16, 2021, the State charged defendant with one count unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2020) (Class 2 Felony)) and one count unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2020) (Class 4 Felony).  The police synopsis for case no. 21-CF-0577 states that on May 19, 2021, defendant sold an amount of cocaine to a confidential informant for $40.  The substance tested positive for cocaine in both a field test and a later test by the Illinois State Police crime lab.

¶ 5      At the time of the complaint, defendant was serving a four-year prison sentence based on a conviction from January 2022 for unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1 (West 2020) (Class 3 Felony)) in Cook County case no. 20-CR-63180.

¶ 6      On December 17, 2021, the trial court issued an arrest warrant in this case. On December 30, 2022, a grand jury indicted defendant on both counts.  On May 31, 2023, when defendant had completed his prison sentence in the Cook County case (case no. 20 CR 63180) he was released and immediately arrested on the outstanding warrant in this case. The following day, defendant appeared before the De Kalb County circuit court and was released subject to various conditions,

---

[1]The Act is also commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act.  Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

including that he shall "not violate any criminal statute or ordinance of any jurisdiction." On January 4, 2024, the circuit court continued the case until April 18, 2024.

¶ 7    On March 27, 2024, defendant was charged with one count of possession of a controlled substance with intent to deliver (720 ILCS 570/401(a) (West 2022) (Class X Felony)). On March 28, 2024, the State filed a petition to revoke defendant's existing pretrial release in case no. 21-CF-577. [2] On April 1, 2024, the trial court continued the hearing on the State's petition to revoke until April 3, 2024.

¶ 8    At the conclusion of the hearing on April 3, the circuit court granted the State's petition to revoke defendant's prior pretrial release in case no. 21-CF-0577. [3] The court found that defendant had been charged with a new felony while on pretrial release and that no less restrictive condition could prevent defendant from committing additional felonies or Class A misdemeanors.

¶ 9    On November 11, 2024, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024). On November 25, 2024, the trial court denied defendant's motion. This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    The Office of the State Appellate Defender (OSAD) was appointed to represent defendant in this appeal, and OSAD filed a supporting memorandum on December 19, 2024. On appeal, defendant argues that the trial court violated section 110-6(a) of the Code (725 ILCS 5/110-6(a)

---

[2] On March 28, 2024, the State also filed a petition to deny defendant pretrial release in case no. 24-CF-199.

[3] After the hearing on April 3, 2024, the circuit court denied the State's petition to deny pretrial release in case no. 24-CF-199, finding the State had not proven by clear and convincing evidence that defendant posed a real and present threat to the safety of any persons or the community.

(West 2022)), when it failed to hold his revocation hearing within 72 hours of the filing of the State's petition to revoke. Defendant concedes that trial counsel failed to preserve the issue for review and does not make any arguments related to the appropriateness of circuit court's revocation of his pretrial release. Instead, defendant argues that we may review the matter either under the plain-error doctrine or that he was denied effective assistance of counsel.

¶ 12                                    A. Plain-Error Doctrine

¶ 13    We begin our analysis with the plain-error doctrine. When a defendant has failed to preserve an error for appeal, a reviewing court may review the issue for plain error. *People v. Bush*, 2023 IL 128747, ¶ 71; *People v. Rollins*, 2024 IL App (2d) 230372, ¶ 16; Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). Plain-error review is appropriate when a clear or obvious error occurs and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Bush*, 2023 IL 128747, ¶ 71. Under either prong of the plain-error doctrine, the first step in a plain-error analysis is to determine whether a clear or obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "Under both prongs of the plain-error doctrine, the defendant bears the burden of persuasion." *People v. Russell*, 2022 IL App (2d) 190733, ¶ 44 (citing *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)); *People v. Watkins-Romaine*, 2025 IL 130618, ¶ 28. "Plain-error review is reserved for errors that are clear or obvious based on law that 'is well settled at the time of trial ***.' " *People v. Williams*, 2015 IL App (2d) 130585, ¶ 11 (quoting *People v. Downs*, 2014 IL App (2d) 121156, ¶ 20).

¶ 14    Defendant asserts that this court may review this issue under the second prong of the plain-error doctrine. To address this issue, we must first determine whether the circuit court erred.

*People v. Hood*, 2016 IL 118581, ¶ 18. We will examine whether the 110-6(a) hearing was beyond the 72-hour period and what, if any, consequences should result from a violation.

¶ 15                                     1. 72-Hour Period

¶ 16    When the State files a petition to revoke pretrial release, the Code states that "defendant shall be transferred to the court before which the previous matter is pending without unnecessary delay, and the revocation hearing shall occur within *72 hours* of the filing of the State's petition or the court's motion for revocation."  (Emphasis added) 725 ILCS 5/110-6(a) (West 2022).  This section of the Code does not specify how time is to be calculated.

¶ 17    The State filed the petition in this case on Thursday, March 28.  The circuit court continued the hearing on April 1 and held it on April 3, 2024.  Defendant argues that the hearing was held well beyond the 72-hour period prescribed in the statute.  The State counters that in the absence of specific language in 110-6, computation of time is defined in the Statute on Statutes (5 ILCS 70/1.11 (West 2022)) to exclude Saturday, Sunday and court holidays.  We review questions of statutory construction *de novo*.  *People v. Ramirez*, 2023 IL 128123, ¶ 13.

¶ 18    Defendant relies heavily upon an unpublished opinion from the Fourth District for various arguments.  In *People v. McCarthy-Nelson,* the court held that the 48-hour deadline for hearings on pretrial detention under 110-6.1(c)(2) "does not exclude weekends or holidays when computing time deadlines."  *People v. McCarthy-Nelson*, 2024 IL App 231582-U, ¶ 11.  In *McCarthy-Nelson*, however, the circuit court had granted the State's motion to continue the hearing for denial of pretrial release over defendant's objection.  *Id*. ¶ 5.  In the immediate matter, the record is silent whether defendant objected to the continuation.

¶ 19    Even if *McCarthy-Nelson* were not distinguishable, however, we are unpersuaded by the holding that weekends and holidays are not excluded when computing time deadlines for hearings

on pretrial release. 110-6.1(c)(2) and 110-6(a) are both silent on whether weekend days or holidays should be excluded from time computation. In the absence of clear direction, we agree with the State that the computation of time is therefore defined in the Statute on Statutes (5 ILCS 70/1.11 (West 2022)). This statute states:

> "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded."

¶ 20    While we agree with the State that 70/1.11 applicable, we note the statute tolls the last day of a deadline if it is Saturday, Sunday, or a holiday, which is different than excluding *all* these days from computation entirely. The State argues that the 72-hour period did not even begin until Monday, April 1, but this is incorrect. The 72-hour period began when the State filed its petition on March 28. The first day was excluded and the period would have ended on Easter Sunday, March 31, but this day was excluded under 70/1.11. As a result, the 72-hour period had not ended when the petition came before the circuit court on April 1.

¶ 21    The next question, therefore, is whether the 72-hour period had expired when the hearing was held on April 3, 2024. The record reflects that the circuit court continued the petition on April 1, but it is silent as to which party moved for the continuance. The record is insufficient to determine whether defendant's trial counsel objected to the April 1 hearing, sought the continuance, agreed to the continuance, or acquiesced to the delay. If defense counsel had objected to the continuance, it is possible that the 72-period had expired when the petition was heard on

April 3.  For reasons that we discuss below, however, we would still hold that the hearing was held "without unnecessary delay" under the circumstances of this case.

¶ 22                                    2. Without Unnecessary Delay

¶ 23     We next turn our analysis to the potential consequences of a 110-6(a) hearing held beyond the 72-hour limitation.  Defendant relies again on *People v. McCarthy-Nelson* for the proposition that the only appropriate remedy for non-compliance of the 72-hour provision in the statute is a reversal and a remand with instructions to release.  *McCarthy-Nelson,* 2024 IL App (4th) 231582-U, ¶¶ 18-19.  The State relies on *People v. Green* for the proposition that the failure to hold a 110-6(a) hearing within the 72-hour period does not automatically render the proceedings invalid.  *People v. Green*, 2024 IL App (1st) 240211, ¶ 23.

¶ 24     There is but one Illinois Appellate Court, but that court's pronouncements on this issue are unsettled.  See *People v. Granados*, 172 Ill. 2d 358, 371 (1996).  Appellate decisions conflict on the appropriate remedy for non-compliance with the time limits under the Act.  Certain decisions from the Fourth District have held that the appropriate remedy for a violation of the 48-hour time limit in 110-6.1(c)(2) is to remand and release the criminal defendant subject to conditions.  See *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 23; *People v. Cooper*, 2024 IL App (4th) 240589-U, ¶ 17, *pet. for leave to appeal granted*, 244 N. E. 3d 218 (2024); *People v. Howard*, 2024 IL App (4th) 240398-U, ¶ 26.  Other courts distinguish the language in the Act for the revocation of pretrial release, especially "without unnecessary delay", and hold that it does not mandate such strict construction.  *Green*, 2024 IL App (1st) 240211, ¶ 21 (holding that the Code contemplates 110-6(a) hearings to be held "expeditiously," but strict construction of the 72-hour requirement would not achieve the purpose of the statute); *People v. Williams*, 2024 IL App (1st) 232219-U, ¶¶ 28-30 (finding that the inclusion of "without unnecessary delay" in section

5/109(1)(a) signaled legislative intent to allow "some latitude" in compliance). Still others have distinguished *McCarthy-Nelson* in situations where the hearing was continued pursuant to the motion of defense counsel. *People v. Edwards*, 2024 IL App (2d) 240155-U, ¶¶ 25-27 (rejecting 6.1(c)(2) timeliness argument because defendant requested multiple continuances); *People v. Drew*, 2024 IL App (5th) 240697, ¶¶ 27-28 (distinguishing *McCarthy-Nelson* because defense counsel filed the motion to continue the hearing due to schedule conflicts).

¶ 25 We may rely on the reasoning of a nonprecedential decision. See Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) ("a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes."); *People v. Ingram*, 2020 IL App (2d) 180353-U, ¶ 21 n.1 (considering unpublished orders entered before January 1, 2021, as persuasive authority). Like the court in *Green*, we similarly find *McCarthy-Nelson* distinguishable initially because that case involved a pretrial detention hearing under section 110-6.1(c)(2) of the Act, which states that the hearing "shall be held within 48 hours of the defendant's first appearance ***." A hearing on a motion to *deny* initial pretrial release (110-6.1(c)(2)) is quite different than a hearing to *revoke* an existing pretrial release (110-6(a)). *Green*, 2024 IL App (1st) 240211, ¶ 16; *People v. Conner*, 2024 IL App (4th) 240300-U, ¶ 27.

¶ 26 The question we must address is whether the 72-hour statutory requirement is mandatory or directory. *Green*, 2024 IL App (1st) 240211, ¶ 17. Whether such a statutory requirement is mandatory or directory is a question of statutory construction that we review *de novo*. *In re M.I.*, 2013 IL 113776, ¶ 15. "Under the mandatory or directory question, 'statutes are mandatory if the intent of the legislature dictates a particular consequence for failure to comply with the provision.' " *Id*. ¶ 16 (quoting *People v. Delvillar*, 235 Ill. 2d 507, 514 (2009)). Courts presume a procedural command is directory only and that presumption can be overcome, and thus

interpreted as mandatory, under either of two conditions: "(1) when there is negative language prohibiting further action in the case of noncompliance or (2) when the right the provision is designed to protect would generally be injured under a directory reading." *In re M.I.*, 2013 IL 113776, ¶ 17.

¶ 27　The *Green* court held that section 110-6(a) lacked any negative language prohibiting further action if the hearing was not held within the 72-hour period. *Green*, 2024 IL App (1st) 240211, ¶ 17. "Had the legislature intended a mandatory reading, it could have written, for example, that any detention order imposed is void if the hearing was held more than 72 hours after the filing of the State's motion." *Id*. (citing *People v. Robinson*, 217 Ill. 2d 43, 58 (2005)); see also *People v. Walker*, 2024 IL App (1st) 232130-U, ¶ 23; *Cooper*, 2024 IL App (4th) 240589-U, ¶ 27 (Doherty, J., dissenting). Some latitude is implied in the phrase "without unnecessary delay" contained within 110-6(a). See *People v. Ballard*, 206 Ill. 2d 151, 177-178 (2002).

¶ 28　We agree with the *Green* court and find that the statute's command is directory only, requiring the court to act "without unnecessary delay," and no consequence is warranted for the court's failure to hold a hearing within the 72-period under the particular facts of this case. See *Green*, 2024 IL App (1st) 240211, ¶¶ 17-23. We conclude that defendant received his hearing on the State's motion to revoke his pretrial release "without unnecessary delay," even if the hearing was held beyond the 72-hour period described in 110-6(a). We do not find that the circuit court erred in holding the hearing on April 3, 2024. As a result, defendant has failed to meet his burden of persuasion under the plain-error doctrine. See *Russell*, 2022 IL App (2d) 190733, ¶ 44; *People v. Smolley*, 2024 IL App (5th) 240390-U, ¶ 19.

¶ 29　　　　　　　　B. Ineffective Assistance of Counsel

¶ 30    In the alternative, defendant argues that he was denied effective assistance of counsel when trial counsel failed to object to the timing of the revocation hearing. The right to counsel is, in effect, the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *People v. Rogers*, 2021 IL 126163, ¶ 23. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed in his claim, defendant must show two things: that the performance of his counsel was deficient and that he was prejudiced by such deficiency. *Id.* at 694. In *People v. Albanese*, our supreme court adopted *Strickland* and noted specifically that a court can dispose of a claim of ineffective assistance of counsel for a lack of sufficient prejudice without determining if such counsel was deficient. *People v. Albanese*, 104 Ill. 2d 504, 527 (1984). Even if a trial strategy did not result in an outcome favorable to the defendant, we "must make every effort to eliminate 'the distorting effects of hindsight.' " *People v. Peterson*, 2017 IL 120331, ¶ 88 (quoting *Strickland*, 466 U.S. at 689). "There is a strong presumption that counsel' conduct falls within the wide range of reasonable professional assistance[.]" *People v. Miller*, 346 Ill. App. 3d 972, 982 (2004) (citing *People v. Smith*, 195 Ill. 2d 179, 188 (2000)).

¶ 31    In the immediate matter, the record is insufficient to determine whether defendant's trial counsel objected to the April 1 hearing, sought the continuance, agreed to the continuance, or acquiesced to the delay. Even if we were to assume that defendant's trial counsel failed to object to the continuance, however, we would not find defendant was prejudiced by the actions and inactions of his trial counsel. This argument is moot as we have applied *Green's* holding to this case.

¶ 32                                III. CONCLUSION

¶ 33    For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 34    Affirmed.